subsequently paid out by the bank in payment of a note made by George and payable at the plaintiff's bank for $500, due March 4th, 1874, payable to the order of one Burton, and which was presented to the plaintiff for payment through its exchanges on the day it fell due. The defendant claimed that the note in suit was paid by the deposit of the $500 on the second of March. The General Term *held*, that this was not so. That the note had matured, and the liability of both George and the defendant had become fixed and absolute before the deposit was made ; and that there was no appropriation of the money to the note in suit, by either the debtor or the creditor, and no circumstances making the inference of such intent necessary. On the contrary, the act of making a general deposit of the money on account, without any reference to the note in suit by the debtor or creditor, indicates that the deposit was not designed or received as a payment of the note in suit, and the acquiescence, so far as appears, of the depositor in the subsequent appropriation of the money, affords evidence that there was no intention of applying it to the note in suit. (*Beardsley* v. *Warner*, 6 Wend., 610 ; *Pitts* v. *Congdon*, 2 Comst., 352 ; *Marsh* v. *Oneida Bank*, 34 Barb., 298.)

*Cassedy & Brown*, for appellant. *E. A. Brewster*, for respondent.

Opinion by TALCOTT, J.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed.

WILLIAM BORDEN, PLAINTIFF, *v.* THE SOUTH SIDE RAILROAD COMPANY OF LONG ISLAND, DEFENDANT.

*Adverse possession — occupancy by permission does not constitute.*

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term.

The Flushing Railroad Company, in 1853, commenced proceedings to acquire title to the land for the recovery of which this action is brought, but subsequently abandoned them and entered

into possession under an agreement with Bliss and Sneden, the owners, to occupy them temporarily and then to remove their tracks to another location. In 1860 the land was conveyed by Bliss and Sneden to the plaintiff.

Nothing was done by the company in performance of the verbal agreement. In 1858 the road and its appurtenances were sold under foreclosure, and Abraham S. Hewett became the purchaser, and subsequently conveyed to the New York and Flushing Railroad Company. The defendant succeeds to this company and claims that the deed from Hewett to the New York and Flushing Railroad Company gave that company such a color and claim of title that the deed from Bliss and Sneden was void under our statute. The General Term *held*, that there were two answers to this : First, Bliss and Sneden permitted the Flushing Railroad to occupy and the railroad company accepted the occupancy by permission of them. (*Luce* v. *Carley*, 24 Wend., 451.) In the second place, the deed from Hewett to the New York and Flushing Railroad Company, and from the referee to him, were not intended to convey the lands in question.

*W. Bloomfield*, for plaintiff.    *E. B. Hinsdale*, for defendant.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., and TALCOTT, J.

Judgment affirmed, with costs.

---

LEWIS Y. WIGGINS AND ANOTHER, RESPONDENTS, v. THE ERIE RAILWAY COMPANY, APPELLANT.

*Common-carrier — bill of lading exempting carrier from damages for delay or loss — authority of agent to accept — consideration.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury.

This action was brought to recover the value of a car load of refined petroleum oil, which was destroyed by fire while in defendant's possession. The plaintiffs, residing in Newburgh, being